PROVOSTY, J.
This is a petitory action. Plaintiffs claim, as surviving wife and heir of Andrew Dumont, squares 272, 282, and 283, Fifth district, of this city, which they allege were acquired by Dumont at a tax sale made in 1876 for taxes assessed against Pierre Nougue, the then owner thereof. Plaintiffs allege that two of the squares, namely, 282 and 283, were set apart by Dumont as a graveyard, and as such were exempt from taxation, and that for that reason any sale that may ever have been made of the same to the state for taxes was null.
In his answer, defendant first pleads the general denial. He then alleges that he is owner and in possession of a certain body of *149 land (which he describes) acquired by him at the succession sale of Pierre Nougue, of which Nougue was owner by both conventional and prescriptive title, and he alleges that, if that is the land claimed by plaintiffs, then that plaintiffs’ title is invalid.
The evidence shows that the land claimed by plaintiffs is a part of the land acquired by the defendant of the succession of Pierre Nougue, and that Pierre Nougue continued in the actual possession of the large tract, including the land in dispute, up to the time of his death in 1902 when it was sold to defendant, who took, and has retained, actual possession ever since; that this body of land has never been divided into squares, nor had any streets running through it, except perhaps on paper, but has always been under Tence as one body of land; that in 1875 there was sold to Dumont, husband and father of plaintiffs, at tax sale, for the taxes of 1873 ■assessed to Pierre Nougue, the following:
(1) Square 282, bounded by Magellan, Bringler, Valette, and Hancock streets.
(2) Square 243, bounded by Ptolomy, Socrates, Valette, and Hancock streets.
(3) Squares 253, 254, 272, and 283, forming a triangle bounded by Pacific avenue and Valette and Ptolomy streets.
Now, the northern boundary of defendant’s land is Hancock street; the western is the McDonough graveyard; the eastern would be Ptolomy street, if that street were prolonged. The streets perpendicular to Hancock stop at Hancock. If they were prolonged, the following of them would traverse defendant’s land: Lawrence, Bringler, Magellan, and Columbus. What would be the southern boundary of the land the record does not show; hut probably Valette street would be, if there were such a street. By platting this description, it will be seen that the only part of defendant’s land that possibly can be said to be included in the tax sale to Dumont is the so-called square 282, supposedly bounded by Magellan, Bringler, Va-lette, and Hancock.
This so-called square, and other land, was adjudicated at tax sale in 1885 to G. W. Wigand for taxes assessed to Dumont. Wi-gand brought suit against Nougue for possession, and Nougue countered by an injunction suit; and in the latter suit the tax title of Wigand was adjudged to be null, and Nougue was maintained in possession. Wigand, called as a witness for plaintiffs, testifies that at the time of this injunction suit he was told by Dumont that the latter had received a certain payment from Nougue in redemption of the tax sale in 1876.
Plaintiffs contend that the tax sale to Wi-gand was null, because this so-called square 282 had been set apart by Dumont for a graveyard, and was in fact a graveyard, and as such was exempt from taxation. All we need say about that is that the record fails to show any such dedication, but only that four or five colored people were buried there since 1872, and that Dumont mentioned to one person that he had set the land apart for a graveyard. The allegation in the answer that plaintiffs’ title is invalid, without any specification of the grounds of invalidity, is too vague to serve any purpose; but we will add that, had a proper attack been made on plaintiffs’ tax title on the ground of the insufficiency of the description of the property and the selling of the land confusedly with other property, the attack would have had to be sustained.
We will add that the parties lived during this whole time within a few squares of each other and of the land in controversy, and that the suit has all the appearance of an afterthought or stale demand.
Judgment affirmed.